Plaintiffs shall submit findings and an appropriate order in accordance with the court's ruling.

**Lawrence H. LUBOTSKY et al.,**
**Plaintiffs,**

v.

**CHRYSLER MOTORS CORPORATION, a Delaware corporation, and Chrysler Realty Corporation, a Delaware corporation, Defendants.**

**No. 74–C–317.**

United States District Court,
E. D. Wisconsin.

Aug. 30, 1974.

Stepke, Weiss & Trebon, by Russell R. Stepke, Milwaukee, Wis., for plaintiffs.

Whyte, Hirschboeck, Minahan, Harding & Harland, by Victor M. Harding, Milwaukee, Wis., for Chrysler Motors Corp.

Gibbs, Roper & Fifield, by Robert J. Loots, Milwaukee, Wis., for Chrysler Realty Corp.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The parties have filed cross motions for a "temporary restraining order and/or a preliminary injunction", pending the final determination of this action on the merits. Oral arguments were heard on August 28, 1974. In addition, the parties have filed affidavits and briefs in support of their positions. I conclude that the defendants' motion for a preliminary injunction should be granted.

Effective August 21, 1974, the dealership agreement between John Lubotsky Motor Sales, Inc. and the Chrysler Motor Corporation was terminated. Title to the site in Milwaukee upon which John Lubotsky Motor Sales, Inc. had previously conducted its Chrysler Motor Corporation dealership business is in the names of the individual plaintiffs. The improvements on such site, which include approximately $400,000 worth of show rooms and other buildings, were constructed and paid for by Chrysler Motors Corporation. The plaintiffs claim that the ground lease which was entered into on January 6, 1967, as between the individual plaintiffs and Chrysler Motors Corporation, is terminated effective August 31, 1974. In effect, the plaintiffs claim that the improvements will become forfeited to them as of that date. Meanwhile, the defendants assert that the ground lease remains effective and that they are entitled to install a successor dealership at such site.

In May, 1965, the individual plaintiffs purchased the site. As noted, they leased the ground to Chrysler Motors Corporation on January 6, 1967. The ground lease provided for a term of 25 years, with an option in Chrysler Motors Corporation to renew it for another 25 years. Rent was set at $2,000 per month, which is the amount of the individual plaintiffs' monthly mortgage payment obligation. The ground lease also provided that Chrysler Motors Corporation could assign it without the lessors' prior approval, but only upon written notice to them.

After building the dealership facilities at the site, Chrysler Motors Corporation assigned its rights under the ground lease to Chrysler Realty Corporation on August 28, 1967. The assignment was not recorded until February 2, 1968. However, Chrysler Realty Corporation entered into a 5 year improvement lease of the new dealership facilities and a sub-lease of the ground to John Lubotsky Motor Sales, Inc., as opposed to the individual plaintiffs, on November 15, 1967, and again on November 29, 1972. These improvement leases provided for the termination thereof at Chrysler Realty Corporation's option, upon termination of John Lubotsky Motor Sales, Inc.'s dealership relationship with Chrysler Motors Corporation.

On August 1, 1974, Chrysler Realty Corporation notified John Lubotsky Motor Sales, Inc. of the termination of both the improvement lease and the sub-lease of the ground, effective August 31, 1974.

The plaintiffs are the individuals in whose name stands title to the site in question, and the dealership, John Lubotsky Motor Sales, Inc. They claim that they are entitled to possession of the site and the improvements after August 31, 1974, because: 1) The assignment by Chrysler Motors Corporation to Chrysler Realty Corporation of its rights under the ground lease is void; and 2) to permit the defendants to install a successor dealership at that site—by sub-leasing the ground and leasing the improvements —would be unconscionable insofar as it would deprive the collective plaintiffs of their right to use and enjoy this property, the title to which is in their names.

At this point, the plaintiffs have failed to persuade me that they are likely to succeed with respect to either contention. The assignment invalidity claim is undermined, among other things, by the fact that the plaintiffs had actual notice thereof. The impact of the plaintiffs' unconscionability argument is softened by the fact that the individual plaintiffs are at least seeing their monthly mortgage liability with respect to the subject property defrayed as a result of the existing ground lease arrangement. It appears from the face of the relevant documents that after August 31, 1974 Chrysler Realty Corporation, as lessee under the ground lease and as lessor with respect to the improvements, is entitled to place into possession of the site in question any successor dealership designated by Chrysler Motors Corporation.

Therefore, it is ordered that the plaintiffs' motion for a temporary restraining order, or alternatively for a preliminary injunction, be and hereby is denied.

It is also ordered that until further order of the court the plaintiffs, their agents, employees and attorneys, or any corporation owned or controlled by them be and hereby are preliminarily enjoined from interfering with the operation of a successor Chrysler-Plymouth dealership at the premises located at 3860 South 27th Street, Milwaukee, Wisconsin, after August 31, 1974.

It is further ordered that the defendants post a surety bond, pursuant to Rule 65(c), Federal Rules of Civil Procedure, in the amount of $100,000 to protect the plaintiffs against loss incurred by the plaintiffs as a result of the issuance of the aforesaid preliminary injunction.